B 6 Summary (Official Form 6 - Summary) (12/13)

.

# United States Bankruptcy Court
## District of Minnesota Third Division

In re    KAREN L BRINKMAN
_____ ,    Case No. _____13-36144_____
Debtor

Chapter_____13_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 149,838.50 | | |
| B - Personal Property | Yes | 4 | 41,412.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 150,572.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 6 | | 113,566.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 2 | | | 5,568.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 5,088.00 |
| Total Number of Sheets of ALL Schedules | | 21 | | | |
| | | Total Assets | 191,250.50 | | |
| | | Total Liabilities | | 264,138.00 | |

B 6 Summary (Official Form 6 - Summary) (12/13)

.

# United States Bankruptcy Court
## District of Minnesota Third Division

In re   KAREN L BRINKMAN

,
                                        Debtor

Case No. ____13-36144____

Chapter _____13_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 6,261.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 6,261.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | 5,568.00 |
| Average Expenses (from Schedule J, Line 22) | 5,088.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 7,523.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 113,566.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 113,566.00 |

B6A (Official Form 6A) (12/07)

.

In re   KAREN L BRINKMAN                                              ,   Case No.   13-36144
                                    Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| Homestead located at:<br>741 River Road<br>Windom, MN 56101<br><br>(1/2 interest with Richard Brinkman)<br><br>Legally described as:<br>A strip of land 5 feet wide in Lot 6 of County Auditor's Subdivision No. 5 in the City of Windom, Cottonwood County, Minnesota, running the length of said Lot 6 and being Southeasterly 5 feet of said Lot 6; and all of Lot 7 except a strip of lanf 5 feet wide running the length of said Lot 7 and being the Southeasterly 5 feet of said Lot 7 of County Auditor's Subdivision.<br><br>FMV: Market Analysis July 2013 - $289,900 | Fee Simple | - | 144,950.00 | 149,704.00 |
| Timeshare located:<br>Sunrise Cove at Village West - Spirit Lake, Iowa<br><br>Joint with Richard Brinkman<br><br>Legally described as:<br><br>See attached<br><br>FMV: Purchase Price -$9,777 (listing price) | TIME SHARE | - | 4,888.50 | 868.00 |

|  | Sub-Total > | 149,838.50 | (Total of this page) |
|---|---|---|---|
|  | Total > | 149,838.50 |  |

  0   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

the following described real estate in Dickinson County, Iowa:

A Fixed Time Time-Share Estate described as Week ____ 36 ____ in Unit, L9A & L9B __ of Sunrise Cove,
according to the Declaration of Time-Share Program of Sunrise Cove recorded March 29, 1999, at Misc.
Book 2, Page 167, Dickinson County, Iowa Recorder's office and any amendments thereto together with a
interest ___.02436_____ in the general common elements appurtenant to said unit, as set forth in said
Declaration and amendments thereto, and as may be amended from time to time, subject to changes in the
percentage interests in said common elements upon addition of other phases to the project; and located on
real property described in Exhibit A-2 to the Declaration except:

   a.  applicable zoning regulations;

   b.  easements, covenants, reservations, and rights-of-way whether or not of record;

   c.  lien of improvement districts, if any;

   d.  lien of taxes which at closing are not yet delinquent;

   e.  assessment of liens, if any, imposed by the Sunrise Cove Time-Share Association;

   f.  matters set forth in this Agreement;

   g.  conditions, restrictions, limitations, and easements, including those retained by Developer,
      described in the Declaration of Time-Share Program of Sunrise Cove and exhibits thereto;

   h.  any defect suffered or permitted by Buyer;

   i.  discrepancies, conflicts in boundary lines, shortage in area, encroachments and any facts
      which a correct survey, map and inspection of the property would disclose and which are not
      shown by the public record.

     The Iowa Resort Holdings, L.L.C. hereby covenants with grantees, and successors in interest, that it holds
the real estate by title in fee simple; that it has good and lawful authority to sell and convey the real estate; that the
real estate is free and clear of all liens and encumbrances, except as may be above stated; and it covenants to
Warrant and Defend the real estate against the lawful claims of all persons, except as may be above stated.

     Words and phrases herein, including acknowledgement hereof, shall be construed as in the singular or
plural number, according to the context.

IOWA RESORT HOLDINGS, L.L.C.



B6B (Official Form 6B) (12/07)

.

In re    KAREN L BRINKMAN                                          ,    Case No.    13-36144
                                        Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | | Cash on hand | - | 29.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Bank of the West checking account | - | 262.00 |
| | | Fulda Area Credit Union checking $135 and savings $222 accounts | - | 357.00 |
| | | United Prairie checking account | - | 155.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | Household goods and furnishings | - | 2,870.00 |
| | | Piano | - | 100.00 |
| | | Organ | - | 100.00 |
| | | Snowblower | - | 150.00 |
| | | Lawnmower | - | 25.00 |
| | | Miscellaneous tools | - | 250.00 |
| | | Computer | - | 250.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Works of art (9 paintings) | - | 475.00 |
| | | Antiques | - | 650.00 |
| 6.  Wearing apparel. | | Wearing apparel | - | 350.00 |
| 7.  Furs and jewelry. | | Watch | - | 15.00 |
| | | Watch | - | 10.00 |
| | | Wedding ring | - | 335.00 |

Sub-Total >        6,383.00
(Total of this page)

___3___  continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re     KAREN L BRINKMAN                                                    ,     Case No.     13-36144
                              Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | Pearl necklace; Diamond and sapphire ring; Amethyst ring; Diamond and amethyst ring; Pearl necklace ; Pearl pendant; Gold chain; Bone necklace; Family ring; Diamond earings; Pearl ring; Diamond and sapphire ring; Diamond and sapphire ring; Diamond ring Cocktail ring Sapphire ring | - | 2,975.00 |
| 8.   Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.   Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Whole life insurance policy through American Family Life $15,418 (less loan of $7,482) as of April 2013 | - | 7,936.00 |
| | | Whole life insurance policy through Minnesota Life $27,495 (less loan of $23,687) as of May 2013 | - | 3,808.00 |
| | | Whole life insurance policy through Monumental Life $2,659 (less loan of $2,293) as of May 2013 | - | 366.00 |
| | | Whole life insurance policy through Intregrity Life $572 as of March 2013 (jointly owned with Richard Brinkman) | - | 286.00 |
| 10.   Annuities. Itemize and name each issuer. | X | | | |
| 11.   Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12.   Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | Roth IRA $5,684 as of May 2013 | - | 5,684.00 |
| | | Annuity through Edward Jones $6,413 as of Sept. 2013 | - | 6,413.00 |
| 13.   Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14.   Interests in partnerships or joint ventures. Itemize. | | Tikki Group, Inc. Assets: computer $35 TV $30 No accounts receivable No liabilities | - | 65.00 |

Sub-Total >        27,533.00
(Total of this page)

Sheet   1   of   3   continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    KAREN L BRINKMAN _____,    Case No.    13-36144    _____
                              Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | Rainbow Behavioral Health Services Ltd Assets: Office furniture $3005 Accounts receivable $4,000 Liabilities $17,740 | - | 0.00 |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |

Sub-Total >                 0.00
(Total of this page)

Sheet    2    of    3    continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    KAREN L BRINKMAN _____,   Case No. _____ 13-36144 _____

                                   Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2005 Dodge Caravan (165,000 miles) 1/2 interest with Richard Brinkman | - | 3,150.00 |
| | | 1998 Ford Windstar (100,000 miles) joint with Richard Brinkman | - | 1,568.50 |
| | | 1994 Dodge Dakota (100,000 miles) Joint with richard Brinkman | - | 2,051.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | Timeshare: Points contract (1/2 interest with spouse) | - | 726.50 |

|  | Sub-Total > | 7,496.00 |
|---|---|---|
|  | (Total of this page) | |
|  | Total > | 41,412.00 |

Sheet   __3__   of   __3__   continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6C (Official Form 6C) (4/13)

.

In re    KAREN L BRINKMAN                                                  ,   Case No.    13-36144
                                            Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                          $155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                    *with respect to cases commenced on or after the date of adjustment.)*
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** Homestead located at: 741 River Road Windom, MN 56101 | Minn. Stat. §§ 510.01, 510.02 | 70,098.00 | 289,900.00 |
| (1/2 interest with Richard Brinkman) | | | |
| Legally described as: A strip of land 5 feet wide in Lot 6 of County Auditor's Subdivision No. 5 in the City of Windom, Cottonwood County, Minnesota, running the length of said Lot 6 and being Southeasterly 5 feet of said Lot 6; and all of Lot 7 except a strip of lanf 5 feet wide running the length of said Lot 7 and being the Southeasterly 5 feet of said Lot 7 of County Auditor's Subdivision. | | | |
| FMV: Market Analysis July 2013 - $289,900 | | | |
| **Household Goods and Furnishings** Household goods and furnishings | Minn. Stat. § 550.37(4)(a) | 2,870.00 | 2,870.00 |
| Piano | Minn. Stat. § 550.37(2) | 100.00 | 100.00 |
| Miscellaneous tools | Minn. Stat. § 550.37(4)(a) | 250.00 | 250.00 |
| Computer | Minn. Stat. § 550.37(4)(a) | 250.00 | 250.00 |
| **Wearing Apparel** Wearing apparel | Minn. Stat. § 550.37(4)(a) | 350.00 | 350.00 |
| **Furs and Jewelry** Watch | Minn. Stat. § 550.37(4)(a) | 15.00 | 15.00 |
| Wedding ring | Minn. Stat. § 550.37(4)(c) | 335.00 | 335.00 |
| **Interests in Insurance Policies** Whole life insurance policy through American Family Life $15,418 (less loan of $7,482) as of April 2013 | Minn. Stat. § 550.37(23) | 7,936.00 | 7,936.00 |
| Whole life insurance policy through Minnesota Life $27, 495 (less loan of $23,687) as of May 2013 | Minn. Stat. § 550.37(23) | 1,264.00 | 3,808.00 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** Roth IRA $5,684 as of May 2013 | 11 U.S.C. § 522(b)(3)(C) | 5,684.00 | 5,684.00 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** 2005 Dodge Caravan (165,000 miles) 1/2 interest with Richard Brinkman | Minn. Stat. § 550.37(12a) | 3,150.00 | 6,300.00 |
| | Total: | 92,302.00 | 317,798.00 |

   0    continuation sheets attached to Schedule of Property Claimed as Exempt

the following described real estate in Dickinson County, Iowa:

A Fixed Time Time-share Estate described as Week _____ 36 _____, in Unit, L9A & L9B _____ of Sunrise Cove, according to the Declaration of Time-share Program of Sunrise Cove recorded March 29, 1989, at Misc. Book 2, Page 167, Dickinson County, Iowa Recorder's office and any amendments thereto together with a Interest _____ .024036 _____. In the general common elements appurtenant to said unit, as set forth in said Declaration and amendments thereto, and as may be amended from time to time, subject to changes in the percentage interests in said common elements upon addition of other phases to the project; and located on real property described in Exhibit A-2 to the Declaration except:

a. applicable zoning regulations;

b. easements, covenants, reservations, and rights-of-way whether or not of record;

c. lien of improvement districts, if any;

d. lien of taxes which at closing are not yet delinquent;

e. assessment of liens, if any, imposed by the Sunrise Cove Time-Share Association;

f. matters set forth in this Agreement;

g. conditions, restrictions, limitations, and easements, including those retained by Developer, described in the Declaration of Time-Share Program of Sunrise Cove and exhibits thereto;

h. any defect suffered or permitted by Buyer;

i. discrepancies, conflicts in boundary lines, shortage in area, encroachments and any facts which a correct survey, map and inspection of the property would disclose and which are not shown by the public record.

The Iowa Resort Holdings, L.L.C. hereby covenants with grantees, and successors in interest, that it holds the real estate by title in fee simple; that it has good and lawful authority to sell and convey the real estate; that the real estate is free and clear of all liens and encumbrances, except as may be above stated; and it covenants to Warrant and Defend the real estate against the lawful claims of all persons, except as may be above stated.

Words and phrases herein, including acknowledgement hereof, shall be construed as in the singular or plural number, according to the context.

IOWA RESORT HOLDINGS, L.L.C.

B6D (Official Form 6D) (12/07)

In re    KAREN L BRINKMAN                                                              ,    Case No.    13-36144
                                  Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. xxxxxx8935<br><br>OCWEN LOAN SERVICING LLC<br>3451 HAMMOND AVE<br>WATERLOO, IA 50702 | X | - | 2002<br>SECOND MORTGAGE ON<br>Homestead located at:<br>741 River Road<br>Windom, MN 56101<br>(1/2 interest with Richard Brinkman)<br>Legally described as:<br>A strip of land 5 feet wide in Lot 6 of County | | | | | |
| | | | Value $              289,900.00 | | | | 4,984.00 | 0.00 |
| Account No. xxxxxx8935<br><br>OCWEN LOAN SERVICING LLC<br>PO BOX 24738<br>WEST PALM BEACH, FL 33416-4738 | | | Representing:<br>OCWEN LOAN SERVICING LLC | | | | Notice Only | |
| | | | Value $ | | | | | |
| Account No. xxxxxx8935<br><br>OCWEN LOAN SERVICING LLC<br>1661 WORTHINGTON RD STE 100<br>WEST PALM BEACH, FL 33409 | | | Representing:<br>OCWEN LOAN SERVICING LLC | | | | Notice Only | |
| | | | Value $ | | | | | |
| Account No. xxxxxx8935<br><br>OCWEN LOAN SERVICING LLC<br>PO BOX 780<br>WATERLOO, IA 50704-0780 | | | Representing:<br>OCWEN LOAN SERVICING LLC | | | | Notice Only | |
| | | | Value $ | | | | | |

_1_   continuation sheets attached

Subtotal
(Total of this page)

| | |
|---|---|
| 4,984.00 | 0.00 |

B6D (Official Form 6D) (12/07) - Cont.

In re    KAREN L BRINKMAN                                                                    ,    Case No.    13-36144
                                                                Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No. x0804 | | | | TIME SHARE DUES Timeshare located: Sunrise Cove at Village West - Spirit Lake, Iowa Joint with Richard Brinkman Legally described as: See attached FMV: Purchase Price -$9,777 (listing price) | | | | | |
| SUNRISE COVE TIMESHARE ASSOCIATION 20785 170TH ST SPIRIT LAKE, IA 51360 | X | - | | | | | | | |
| | | | | Value $              9,777.00 | | | | 868.00 | 0.00 |
| Account No. xxxxxx4097 | | | | 2002 REAL ESTATE MORTGAGE ON Homestead located at: 741 River Road Windom, MN 56101 (1/2 interest with Richard Brinkman) Legally described as: A strip of land 5 feet wide in Lot 6 of County | | | | | |
| WELLS FARGO HOME MORTGAGE PO BOX 10335 DES MOINES, IA 50306 | X | - | | | | | | | |
| | | | | Value $              289,900.00 | | | | 144,720.00 | 0.00 |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| | | | | Value $ | | | | | |

Sheet  1    of  1    continuation sheets attached to
Schedule of Creditors Holding Secured Claims

| | Subtotal (Total of this page) | 145,588.00 | 0.00 |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | 150,572.00 | 0.00 |

B6E (Official Form 6E) (4/13)

.

In re    KAREN L BRINKMAN                                                    , Case No. ___13-36144_____
                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

_* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

0    continuation sheets attached

B6F (Official Form 6F) (12/07)

In re   KAREN L BRINKMAN                                                          Case No.    13-36144
                                                    ,
                            Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxxx7PA0<br><br>AES/CIT ED<br>1200 N 7TH ST<br>HARRISBURG, PA 17102 | - | | 2002-2013<br>STUDENT LOAN | | | | 3,950.00 |
| Account No. xxxxxxxxx7PA0<br><br>AES/CIT ED<br>1200 N 7TH ST<br>HARRISBURG, PA 17102 | | | 2002-2013<br>STUDENT LOAN | | | | 2,311.00 |
| Account No. xxxx-xxxx-xxxx-XXXX<br><br>BANK OF AMERICA<br>PO BOX 982235<br>EL PASO, TX 79998-2235 | - | | 2000-2012<br>CREDIT CARD PURCHASES | | | | 17,439.00 |
| Account No. xxxx-xxxx-xxxx-XXXX<br><br>BANK OF AMERICA<br>PO BOX 15026<br>WILMINGTON, DE 19850-5026 | | | Representing:<br>BANK OF AMERICA | | | | Notice Only |

|  |  |
|---|---|
| __5__   continuation sheets attached | Subtotal<br>(Total of this page)   23,700.00 |

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com
S/N:24734-131204   Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    **KAREN L BRINKMAN**                    ,     Case No.    **13-36144**
                                         Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. xxxx-xxxx-xxxx-XXXX | | | | 2000-2012 CREDIT CARD PURCHASES | | | | |
| BANK OF AMERICA PO BOX 982235 EL PASO, TX 79998-2235 | - | | | | | | | 37,800.00 |
| Account No. xxxx-xxxx-xxxx-XXXX | | | | | | | | |
| BANK OF AMERICA PO BOX 15026 WILMINGTON, DE 19850-5026 | | | | Representing: BANK OF AMERICA | | | | Notice Only |
| Account No. xxxx-xxxx-xxxx-XXXX | | | | 2003-2013 CREDIT CARD PURCHASES | | | | |
| CAPITAL ONE BANK USA NA PO BOX 30281 SALT LAKE CITY, UT 84130-0281 | - | | | | | | | 6,907.00 |
| Account No. xxxx-xxxx-xxxx-XXXX | | | | | | | | |
| CAPITAL ONE BANK USA NA PO BOX 5155 NORCROSS, GA 30091 | | | | Representing: CAPITAL ONE BANK USA NA | | | | Notice Only |
| Account No. xxxx-xxxx-xxxx-XXXX | | | | | | | | |
| CAPITAL ONE BANK USA NA PO BOX 30285 SALT LAKE CITY, UT 84130-0285 | | | | Representing: CAPITAL ONE BANK USA NA | | | | Notice Only |

Sheet no. __1__ of __5__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)     44,707.00

B6F (Official Form 6F) (12/07) - Cont.

In re   KAREN L BRINKMAN                                    ,   Case No.   13-36144
                          Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. xxxx-xxxx-xxxx-3738 <br><br> CHASE BANK USA NA <br> PO BOX 15298 <br> WILMINGTON, DE 19850-5298 | - | | | 2012-2013 <br> CREDIT CARD PURCHASES | | | | 4,415.00 |
| Account No. xxxx-xxxx-xxxx-3738 <br><br> CHASE BANK USA NA <br> PO BOX 15448 <br> WILMINGTON, DE 19886-5548 | | | | Representing: <br> CHASE BANK USA NA | | | | Notice Only |
| Account No. xxxx-xxxx-xxxx-XXXX <br><br> CHASE BANK USA NA <br> PO BOX 15298 <br> WILMINGTON, DE 19850-5298 | - | | | 1998-2013 <br> CREDIT CARD PURCHASES | | | | 10,534.00 |
| Account No. xxxx-xxxx-xxxx-XXXX <br><br> CHASE BANK USA NA <br> PO BOX 15448 <br> WILMINGTON, DE 19886-5548 | | | | Representing: <br> CHASE BANK USA NA | | | | Notice Only |
| Account No. xxxx-xxxx-xxxx-XXXX <br><br> CHASE BANK USA NA <br> PO BOX 15298 <br> WILMINGTON, DE 19850-5298 | - | | | 1999-2013 <br> CREDIT CARD PURCHASES | | | | 2,072.00 |

Sheet no. _2_ of _5_ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

17,021.00

B6F (Official Form 6F) (12/07) - Cont.

In re   KAREN L BRINKMAN _____,   Case No. ____13-36144_____
                              Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. xxxx-xxxx-xxxx-XXXX | | | | | | | | | |
| CHASE BANK USA NA PO BOX 15448 WILMINGTON, DE 19886-5548 | | | | | Representing: CHASE BANK USA NA | | | | Notice Only |
| Account No. xxxx-xxxx-xxxx-XXXX | | | | | 1990-2013 CREDIT CARD PURCHASES | | | | |
| CITI CARDS/CITIBANK PO BOX 6241 SIOUX FALLS, SD 57117 | - | | | | | | | | 8,988.00 |
| Account No. xxxx-xxxx-xxxx-XXXX | | | | | | | | | |
| CITI CARDS/CITIBANK PO BOX 6000 THE LAKES, NV 89163-6000 | | | | | Representing: CITI CARDS/CITIBANK | | | | Notice Only |
| Account No. xxxx-xxxx-xxxx-XXXX | | | | | | | | | |
| CITI CARDS/CITIBANK PROCESSING CTR DES MOINES, IA 50363 | | | | | Representing: CITI CARDS/CITIBANK | | | | Notice Only |
| Account No. xxxx-xxxx-xxxx-XXXX | | | | | | | | | |
| CITI CARDS/CITIBANK PO BOX 6500 SIOUX FALLS, SD 57117 | | | | | Representing: CITI CARDS/CITIBANK | | | | Notice Only |

Sheet no. _3___ of _5___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

8,988.00

B6F (Official Form 6F) (12/07) - Cont.

In re    KAREN L BRINKMAN                                   ,        Case No. ___13-36144___
                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. xxxx-xxxx-xxxx-XXXX<br><br>DISCOVER FINANCIAL SERVICES<br>PO BOX 15316<br>WILMINGTON, DE 19850 | - | | | 1995-2013<br>CREDIT CARD PURCHASES | | | | 7,260.00 |
| Account No. xxxx-xxxx-xxxx-XXXX<br><br>DISCOVER FINANCIAL SERVICES<br>PO BOX 30943<br>SALT LAKE CITY, UT 84130-0943 | | | | Representing:<br>DISCOVER FINANCIAL SERVICES | | | | Notice Only |
| Account No. xxxx-xxxx-xxxx-XXXX<br><br>DISCOVER FINANCIAL SERVICES<br>PO BOX 6103<br>CAROL STREAM, IL 60197-6103 | | | | Representing:<br>DISCOVER FINANCIAL SERVICES | | | | Notice Only |
| Account No.<br><br>SAMS CLUB<br>PO BOX 530942<br>ATLANTA, GA 30353-0942 | - | | | 2012-2013<br>CREDIT CARD PURCHASES | | | | 10,604.00 |
| Account No.<br><br>SAMS CLUB<br>ATTN BANKRUPTCY DEPT<br>PO BOX 103104<br>ROSWELL, GA 30076 | | | | Representing:<br>SAMS CLUB | | | | Notice Only |

Sheet no. __4__ of __5__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)          17,864.00

B6F (Official Form 6F) (12/07) - Cont.

In re    KAREN L BRINKMAN                          ,    Case No.    13-36144
                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. xxxx-xxxx-xxxx-XXXX | | | | 1989-2007 CREDIT CARD PURCHASES | | | | |
| SEARS/CITIBANK PO BOX 6282 SIOUX FALLS, SD 57117-6282 | | - | | | | | | Unknown |
| Account No. xxxx-xxxx-xxxx-XXXX | | | | 1965-2013 CREDIT CARD PURCHASES | | | | |
| SEARS/CITIBANK PO BOX 6282 SIOUX FALLS, SD 57117-6282 | X | - | | | | | | 1,286.00 |
| Account No. xxxxxxxxx7EG0 | | | | 2002-2011 STUDENT LOAN | | | | |
| XCL/CIT EDUC LOAN TRUST 1500 W 3RD ST STE 125 CLEVELAND, OH 44113 | | - | | | | | | Unknown |
| Account No. xxxxxxxxx7EG0 | | | | 2002-2011 STUDENT LOAN | | | | |
| XLS/CIT EDUC LOAN TRUST 1500 W 3RD ST STE 125 CLEVELAND, OH 44113 | | - | | | | | | Unknown |
| Account No. | | | | | | | | |

| | | |
|---|---|---|
| Sheet no. 5 of 5 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal (Total of this page) | 1,286.00 |
| | Total (Report on Summary of Schedules) | 113,566.00 |

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                          Best Case Bankruptcy

B6G (Official Form 6G) (12/07)

In re     KAREN L BRINKMAN                                                    ,     Case No.      13-36144
                                    Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| | |

    0
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

.

In re  KAREN L BRINKMAN _____,  Case No. ____13-36144_____

                                        Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| RICHARD J BRINKMAN<br>741 RIVER RD<br>WINDOM, MN 56101 | SUNRISE COVE TIMESHARE ASSOCIATION<br>20785 170TH ST<br>SPIRIT LAKE, IA 51360 |
| RICHARD J BRINKMAN<br>741 RIVER RD<br>WINDOM, MN 56101 | WELLS FARGO HOME MORTGAGE<br>PO BOX 10335<br>DES MOINES, IA 50306 |
| RICHARD J BRINKMAN<br>741 RIVER RD<br>WINDOM, MN 56101 | OCWEN LOAN SERVICING LLC<br>3451 HAMMOND AVE<br>WATERLOO, IA 50702 |
| RICHARD J BRINKMAN<br>741 RIVER RD<br>WINDOM, MN 56101 | SEARS/CITIBANK<br>PO BOX 6282<br>SIOUX FALLS, SD 57117-6282 |

0
_____ continuation sheets attached to Schedule of Codebtors

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | KAREN L BRINKMAN |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | DISTRICT OF MINNESOTA THIRD DIVISION |
| Case number (If known) | 13-36144 |

Check if this is:

☐ An amended filing
☐ A supplement showing post-petition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form B 6I

## Schedule I: Your Income                                    12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:     Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Employment status | ■ Employed<br>☐ Not employed | ■ Employed<br>☐ Not employed |
| | Occupation | Age 70 | Age 74 |
| | Employer's name | SELF | Retired |
| | Employer's address | | |
| | How long employed there? | | |

### Part 2:     Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions).  If not paid monthly, calculate what the monthly wage would be. | 2. | $       1,000.00 | $           0.00 |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$          0.00 | +$           0.00 |
| 4. | **Calculate gross Income.**  Add line 2 + line 3. | 4. | $       1,000.00 | $           0.00 |

Debtor 1   KAREN L BRINKMAN                                    Case number (*if known*)   13-36144

|  | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here | 4. | $ 1,000.00 | $ 0.00 |

5. List all payroll deductions:

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. Tax, Medicare, and Social Security deductions | 5a. | $ 238.00 | $ 0.00 |
| 5b. Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ 0.00 |
| 5c. Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ 0.00 |
| 5d. Required repayments of retirement fund loans | 5d. | $ 0.00 | $ 0.00 |
| 5e. Insurance | 5e. | $ 0.00 | $ 0.00 |
| 5f. Domestic support obligations | 5f. | $ 0.00 | $ 0.00 |
| 5g. Union dues | 5g. | $ 0.00 | $ 0.00 |
| 5h. Other deductions. Specify: _____ | 5h.+ | $ 0.00 + | $ 0.00 |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.   6.   $ 238.00   $ 0.00

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.   7.   $ 762.00   $ 0.00

8. List all other income regularly received:

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 8a. Net income from rental property and from operating a business, profession, or farm. Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 327.00 | $ 0.00 |
| 8b. Interest and dividends | 8b. | $ 0.00 | $ 0.00 |
| 8c. Family support payments that you, a non-filing spouse, or a dependent regularly receive. Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. Unemployment compensation | 8d. | $ 0.00 | $ 0.00 |
| 8e. Social Security | 8e. | $ 0.00 | $ 0.00 |
| 8f. Other government assistance that you regularly receive. Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: Social Security $1307.90 and $1520.70 | 8f. | $ 0.00 | $ 1,415.00 |
| 8g. Pension or retirement income | 8g. | $ 430.00 | $ 1,627.00 |
| 8h. Other monthly income. Specify: Rainbow Ltd. $3261 business expenses $2254 | 8h.+ | $ 1,007.00 + | $ 0.00 |

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.   9.   $ 1,764.00   $ 3,042.00

10. **Calculate monthly income.** Add line 7 + line 9.   10.   $ 2,526.00 + $ 3,042.00 = $ 5,568.00
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. State all other regular contributions to the expenses that you list in Schedule J.
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify: _____   11.   +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies   12.   $ 5,568.00

**Combined monthly income**

13. Do you expect an increase or decrease within the year after you file this form?
■ No.
☐ Yes. Explain: Debtor pays herself a wage from the Rainbow business. This is included as a business expense and is listed as wages on Schedule I.

## Financial Review of the Debtor's Business

In re: Karen Brinkman

Type of business    Psychology Services
Services

Case No.
Chapter 13
Business Name: Rainbow Behavioral Health

**PART A – GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS:**

    1. Gross Income for 12 Months Prior to Filing:    $34,025

**PART B – ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:**

    2. Gross Monthly Income:    $ 3261

**PART C – ESTIMATED AVERAGE FUTURE MONTHLY EXPENSES:**

| | |
|---|---|
| 3.  Payroll (paid to others) | $1000 |
| 4.  Payroll Taxes | $ 163 |
| 5.  Unemployment Taxes | $ |
| 6.  Worker's Compensation | $ |
| 7.  Employee Benefits (e.g., pension, medical, etc.) | $ |
| 8.  Other Taxes | $ 15 |
| 9.  Inventory Purchases (including raw materials) | $ |
| 10. Purchase of Feed/Fertilizer/Seed/Spray | $ |
| 11. Rent (other than debtor's principal residence) | $ |
| 12. Utilities | $262 |
| 13. Office Expenses and Supplies | $129 |
| 14. Repairs and Maintenance | $ |
| 15. Vehicle Expenses | $ |
| 16. Travel and Entertainment | $ 67 |
| 17. Advertising and Promotion | $79 |
| 18. Equipment Rental and Leases | $ |
| 19. Legal/Accounting/Other Professional Fees | $153 |
| 20. Insurance | $ |
| 21. Payment to Be Made Directly by Debtor to Secured Creditors | $ |
| 22. Other (describe) | $ |
|     Refunds | $ 255 |
|     Co-pay discounts | $ 93 |
|     Bad debt | $ 28 |
|     Bank charges | $10 |
| 23. Total Monthly Expenses (add items 3 – 22) | $ 2254 |

**PART D – ESTIMATED AVERAGE NET MONTHLY INCOME:**

| | |
|---|---|
| 24. Average Net Monthly Income: (subtract line 22 from line 2) | $ 1007 |
| Net Monthly Income | $ 1007 |

<u>Verification</u>. The debtor(s) named in the foregoing financial review form, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on
    12/15/13

Signed:  /e/Karen Brinkman _____

                                                           (Debtor)

## Financial Review of the Debtor's Business

In re: Karen Brinkman

Case No.
Chapter   13

Type of business   Exercise Systems Sales          Business Name: Tikki Group Inc

**PART A – GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS:**

    1. Gross Income for 12 Months Prior to Filing:    $24,599

**PART B – ESTIMATED AVERAGE FUTURE <u>GROSS</u> MONTHLY INCOME:**

    2. Gross Monthly Income:    $ 1372

**PART C – ESTIMATED AVERAGE FUTURE MONTHLY EXPENSES:**

| | |
|---|---|
| 3. Payroll (paid to others) | $ |
| 4. Payroll Taxes | $ |
| 5. Unemployment Taxes | $ |
| 6. Worker's Compensation | $ |
| 7. Employee Benefits | $ |
|    (e.g., pension, medical, etc.) | |
| 8. Other Taxes | $ |
| 9. Inventory Purchases | $ 493 |
|    (including raw materials) | |
| 10. Purchase of Feed/Fertilizer/Seed/Spray | $ |
| 11. Rent | $ |
|    (other than debtor's principal residence) | |
| 12. Utilities | $209 |
| 13. Office Expenses and Supplies | $ |
| 14. Repairs and Maintenance | $ |
| 15. Vehicle Expenses | $ |
| 16. Travel and Entertainment | $ |
| 17. Advertising and Promotion | $18 |
| 18. Equipment Rental and Leases | $ |
| 19. Legal/Accounting/Other Professional Fees | $37 |
| 20. Insurance | $ |
| 21. Payment to Be Made Directly by Debtor | |
|    to Secured Creditors | $ |
| 22. Other (describe) | $ |
|      Bank fees | $ 173 |
|      Miscellaneous | $16 |
|      Refunds | $89 |
|      Charity | $10 |
| 23. Total Monthly Expenses (add items 3 – 22) | $1045 |

**PART D – ESTIMATED AVERAGE NET MONTHLY INCOME:**

| | |
|---|---|
| 24. Average Net Monthly Income: | $327 |
|    (subtract line 22 from line 2) | |
| | |
| Net Monthly Income | $ 327 |

<u>Verification</u>. The debtor(s) named in the foregoing financial review form, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on                  Signed:  /e/Karen Brinkman         
    12/15/13

                                                      (Debtor)

Fill in this information to identify your case:

Debtor 1        KAREN L BRINKMAN

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   DISTRICT OF MINNESOTA THIRD DIVISION

Case number    13-36144
(If known)

Check if this is:

☐ An amended filing
☐ A supplement showing post-petition chapter 13
   expenses as of the following date:

   _____
   MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2
   maintains a separate household

## Official Form B 6J
## Schedule J: Your Expenses                                    12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

1. **Is this a joint case?**

   ■ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**

      ☐ No
      ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**     ■ No

   Do not list Debtor 1 and      ☐ Yes. Fill out this information for
   Debtor 2.                          each dependent...........

   Do not state the dependents'
   names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**     ■ No   ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 6I.)

|  | Your expenses |
|---|---|

| | | |
|---|---|---|
| 4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. $ | 1,711.00 |
| **If not included in line 4:** | | |
| 4a.    Real estate taxes | 4a. $ | 0.00 |
| 4b.    Property, homeowner's, or renter's insurance | 4b. $ | 0.00 |
| 4c.    Home maintenance, repair, and upkeep expenses | 4c. $ | 100.00 |
| 4d.    Homeowner's association or condominium dues | 4d. $ | 0.00 |
| 5. **Additional mortgage payments for your residence,** such as home equity loans | 5. $ | 359.00 |

Debtor 1   KAREN L BRINKMAN                                  Case number (if known)   13-36144

| | | | | |
|---|---|---|---|---:|
| 6. | **Utilities:** | | | |
| | 6a. | Electricity, heat, natural gas | 6a. $ | 450.00 |
| | 6b. | Water, sewer, garbage collection | 6b. $ | 50.00 |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 220.00 |
| | 6d. | Other. Specify: | 6d. $ | 0.00 |
| 7. | **Food and housekeeping supplies** | | 7. $ | 520.00 |
| 8. | **Childcare and children's education costs** | | 8. $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | 250.00 |
| 10. | **Personal care products and services** | | 10. $ | 150.00 |
| 11. | **Medical and dental expenses** | | 11. $ | 23.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. $ | 250.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | 125.00 |
| 14. | **Charitable contributions and religious donations** | | 14. $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | 0.00 |
| | 15b. | Health insurance | 15b. $ | 0.00 |
| | 15c. | Vehicle insurance | 15c. $ | 150.00 |
| | 15d. | Other insurance. Specify: | 15d. $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify:   Self employment taxes | | 16. $ | 360.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | 0.00 |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | 0.00 |
| | 17c. | Other. Specify: | 17c. $ | 0.00 |
| | 17d. | Other. Specify: | 17d. $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 6I).** | | 18. $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | | $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | | |
| | 20a. | Mortgages on other property | 20a. $ | 0.00 |
| | 20b. | Real estate taxes | 20b. $ | 0.00 |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | **Other:** Specify:   Non filing spouse's debts | | 21. +$ | 220.00 |
| | Postage and publications | | +$ | 50.00 |
| | Pet expenses | | +$ | 100.00 |
| 22. | **Your monthly expenses.** Add lines 4 through 21. The result is your monthly expenses. | | 22. $ | 5,088.00 |
| 23. | **Calculate your monthly net income.** | | | |
| | 23a. | Copy line 12 (*your combined monthly income*) from Schedule I. | 23a. $ | 5,568.00 |
| | 23b. | Copy your monthly expenses from line 22 above. | 23b. -$ | 5,088.00 |
| | 23c. | Subtract your monthly expenses from your monthly income. The result is your *monthly net income*. | 23c. $ | 480.00 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.

☐ Yes. Explain:

**B6 Declaration (Official Form 6 - Declaration). (12/07)**

# United States Bankruptcy Court
## District of Minnesota Third Division

In re    KAREN L BRINKMAN                                                Case No.    13-36144

                                        Debtor(s)        Chapter    13

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___23___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   January 14, 2014                    Signature   /s/ KAREN L BRINKMAN

                                                      KAREN L BRINKMAN
                                                      Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## District of Minnesota Third Division

| | | | |
|---|---|---|---|
| In re | KAREN L BRINKMAN | Case No. | 13-36144 |
| | Debtor(s) | Chapter | 13 |

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

### 1. Income from employment or operation of business

None  ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $58,624.36 | 2013 YTD: Wife Business Income |
| $16,039.00 | 2012: Wife Business Income |
| $24,554.00 | 2011: Wife Business Income |

---

### 2. Income other than from employment or operation of business

None  ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $1.00 | 2013 YTD: Wife Retirement Income |

B7 (Official Form 7) (04/13)                                                                                                          2

| AMOUNT | SOURCE |
|--------|--------|
| $5,105.64 | 2012: Wife Retirement Income |
| $5,055.12 | 2011: Wife Retirement Income |
| $1.00 | 2013 YTD: Wife Retirement Cash Out |
| $23,177.54 | 2012: Wife Retirement Cash Out |
| $1,324.48 | 2011: Wife Retirement Cash Out |
| $1.00 | 2013 YTD: Wife Social Security |
| $12,808.00 | 2012: Wife Social Security |
| $12,336.30 | 2011: Wife Social Security |
| $52.28 | 2011: Wife Ordinary Dividends |

---

### 3. Payments to creditors

None
☐

*Complete a. or b., as appropriate, and c.*

a.   *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| WELLS FARGO HOME  MORTGAGE 800 LASALLE AVE #1000 MINNEAPOLIS, MN 55402 | Debtor has been making her regular monthly payments to this secured creditor. | $5,226.00 | $144,720.00 |
| OCWEN PO BOX 514577 LOS ANGELES, CA | Debtor has been making her regular monthkly payment to this secured creditor. | $1,077.00 | $6,166.00 |

None
■

b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■

c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B7 (Official Form 7) (04/13)                                                                                                     3

---

#### 4.  Suits and administrative proceedings, executions, garnishments and attachments

None
■   a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None
■   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

#### 5.  Repossessions, foreclosures and returns

None
■   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

#### 6.  Assignments and receiverships

None
■   a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

---

#### 7.  Gifts

None
■   List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

B7 (Official Form 7) (04/13)                                                                                                    4

---

**8. Losses**

None ■   List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---

**9. Payments related to debt counseling or bankruptcy**

None ☐   List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| 001Debtorcc<br>372 Summit Ave.<br>JERSEY CITY, NJ 07302 | 7/13/2103 | Consumer Credit Counseling |
| Hoglund, Chwialkowski & Mrozik, P.L.L.C.<br>1781 West County Road B<br>Roseville, MN 55113 | | Filing fee in the amount of $281.00 and attorney fees in the amount of $1 were paid from the debtor's earnings prior to the filing of this case. |

---

**10. Other transfers**

None ☐   a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| Debtor<br><br>Self | 2012 | Debtor made several cashout from an annuity totaling $25,950. These funds were used to pay 2011 taxes i the amount of $10,000. The remaining funds were used for living expenses and bills. |
| Debtor<br><br>Self | 2013 | Debtor cashed out a Roth IRA in the amount of $12,000. These funds were used to pay taxes in the amount of $8,000. The remaining funds were used for living expenses. |

None ■   b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

B7 (Official Form 7) (04/13)    5

---

**11. Closed financial accounts**

None
■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

---

**12. Safe deposit boxes**

None
☐

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |
| Bank of the West | | Personal papers | |

---

**13. Setoffs**

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

---

**14. Property held for another person**

None
■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

---

**15. Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

---

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

Best Case Bankruptcy

B7 (Official Form 7) (04/13)                                                                                                      6

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None   a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable
■      or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None   b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous
■      Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None   c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which
■      the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None   a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and
☐      ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Tikki Group, Inc. | 3838 | | Exercise System Sales S-corp Out of home Assets: computer $35 TV $30 No liabilites No account receivable | 2010 - present |

B7 (Official Form 7) (04/13)

7

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Rainbow Behavioral Health Services Ltd | 3838 | Windom, MN | Pyschology practice Out of home Assets: Office furniture $3005 Accounts receivable $4,000 Liabilities $17,740 | 1998 - present |

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                          ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
☐

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Debtor Windom | 2010 - present In debtor's possession |
| Debtor | 1998 - present In debtor's possession |

None
■

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                          ADDRESS                          DATES SERVICES RENDERED

None
■

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                          ADDRESS

None
■

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                          DATE ISSUED

B7 (Official Form 7) (04/13)                                                                                                8

**20. Inventories**

None  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory,
■     and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
| --- | --- | --- |

None  b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.
■

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
| --- | --- |

**21 . Current Partners, Officers, Directors and Shareholders**

None  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.
■

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
| --- | --- | --- |

None  b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns,
■     controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
| --- | --- | --- |

**22 . Former partners, officers, directors and shareholders**

None  a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the
■     commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
| --- | --- | --- |

None  b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year**
■     immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
| --- | --- | --- |

**23 . Withdrawals from a partnership or distributions by a corporation**

None  If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation
■     in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the
      commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**24. Tax Consolidation Group.**

None  If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated
■     group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement
      of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
| --- | --- |

9

**25. Pension Funds.**

None   If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an
■      employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                TAXPAYER IDENTIFICATION NUMBER (EIN)

* * * * * *

B7 (Official Form 7) (04/13)                                                                                                                    10

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  <u>January 14, 2014</u>              Signature  <u>/s/ KAREN L BRINKMAN</u>

                                                         KAREN L BRINKMAN

                                                         Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

**Form 1007-1 - Statement Of Compensation By Debtor's Attorney**

# United States Bankruptcy Court
### District of Minnesota Third Division

In re   KAREN L BRINKMAN                                                    Case No.
                                          Debtor(s)              Chapter      13

## STATEMENT OF COMPENSATION BY ATTORNEY FOR DEBTOR(S)

The undersigned, pursuant to Local Rule 1007-1, Bankruptcy Rule 2016(b) and § 329(a) of the Bankruptcy Code, states that:

1.   The undersigned is the attorney for the debtor(s) in this case and files this statement as required by applicable rules.

2.   (a)   The filing fee paid by the undersigned to the clerk for the debtor(s) in this case is:   $        281.00

     (b)   The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:   $      3,000.00

     (c)   Prior to filing this statement, the debtor(s) paid to the undersigned:   $          1.00

     (d)   The unpaid balance due and payable by the debtor(s) to the undersigned is:   $      2,999.00

3.   The services rendered or to be rendered include the following:
     (a)   analysis of the financial situation and rendering advice and assistance to the debtor in determining whether to file a petition under Title 11 of the United States Code;
     (b)   preparation and filing of the petition, exhibits, attachments, schedules, statements and lists and other documents required by the court;
     (c)   representation of the debtor(s) at the meeting of creditors;
     (d)   negotiations with creditors; and
     (e)   other services reasonably necessary to represent the debtor(s) in this case.

4.   The source of all payments by the debtor(s) to the undersigned was or will be from earnings or other current compensation of the debtor(s), and the undersigned has not received and will not receive any transfer of property other than such payments by the debtor(s), except as follows:

5.   The undersigned has not shared or agreed to share with any other person other than with members of undersigned's law firm any compensation paid or to be paid.

Dated:   September 16, 2013                    Signed:   /s/ Robert J. Hoglund
                                                         Robert J. Hoglund 210997
                                              Attorney for Debtor(s)
                                              Hoglund, Chwialkowski & Mrozik P.L.L.C
                                              1781 West County Road B
                                              PO Box 130938
                                              Roseville, MN 55113
                                              (651) 628-9929  Fax: (651) 628-9377

LOCAL RULE REFERENCE:  1007-1

B 201A (Form 201A) (11/12)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA THIRD DIVISION

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total Fee $306)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over

a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1,167 filing fee, $46 administrative fee: Total fee $1,213)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## District of Minnesota Third Division

In re    KAREN L BRINKMAN                       Case No.    13-36144

                                    Debtor(s)          Chapter    13

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

       I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| KAREN L BRINKMAN | X /s/ KAREN L BRINKMAN | January 14, 2014 |
|---|---|---|
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |

| Case No. (if known)   13-36144 | X | |
|---|---|---|
| | Signature of Joint Debtor (if any) | Date |

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

Software Copyright (c) 1996-2012 Best Case, LLC - www.bestcase.com                      Best Case Bankruptcy

B 22C (Official Form 22C) (Chapter 13) (04/13)

| In re | KAREN L BRINKMAN | According to the calculations required by this statement: |
|---|---|---|
| | Debtor(s) | ☐ **The applicable commitment period is 3 years.** |
| Case Number: | 13-36144 | ■ **The applicable commitment period is 5 years.** |
| | (If known) | ■ **Disposable income is determined under § 1325(b)(3).** |
| | | ☐ **Disposable income is not determined under § 1325(b)(3).** |
| | | (Check the boxes as directed in Lines 17 and 23 of this statement.) |

# CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
# AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedules I and J, this statement must be completed by every individual chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| | Part I. REPORT OF INCOME | | |
|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ **Unmarried. Complete only Column A ("Debtor's Income") for Lines 2-10.**<br>b. ■ **Married. Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.** | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A**<br><br>Debtor's<br>Income | **Column B**<br><br>Spouse's<br>Income |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $          833.00 | $            0.00 |
| 3 | **Income from the operation of a business, profession, or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.**<br><br>| | Debtor | Spouse |<br>\| a. \| Gross receipts \| $  3,261.00 \| $  0.00 \|<br>\| b. \| Ordinary and necessary business expenses \| $  0.00 \| $  0.00 \|<br>\| c. \| Business income \| Subtract Line b from Line a \| | $        3,261.00 | $            0.00 |
| 4 | **Rents and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.**<br><br>\| \| Debtor \| Spouse \|<br>\| a. \| Gross receipts \| $  0.00 \| $  0.00 \|<br>\| b. \| Ordinary and necessary operating expenses \| $  0.00 \| $  0.00 \|<br>\| c. \| Rent and other real property income \| Subtract Line b from Line a \| | $            0.00 | $            0.00 |
| 5 | **Interest, dividends, and royalties.** | $            0.00 | $            0.00 |
| 6 | **Pension and retirement income.** | $          430.00 | $        1,627.00 |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $            0.00 | $            0.00 |
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act  Debtor $  0.00  Spouse $  0.00 | $            0.00 | $            0.00 |

B 22C (Official Form 22C) (Chapter 13) (04/13)                                                                2

| | | | | Debtor | Spouse | | |
|---|---|---|---|---|---|---|---|
| 9 | **Income from all other sources.**  Specify source and amount.  If necessary, list additional sources on a separate page.  Total and enter on Line 9.  **Do not include alimony or separate maintenance payments paid by your spouse, but include all other payments of alimony or separate maintenance.  Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | | | | | |
| | a. | Social security (W) 1307.90 (H) $1520.70 | $ | 0.00 | $ | 0.00 | |
| | b. | 2nd business $1372 (Tikki) | $ | 1,372.00 | $ | 0.00 | $ 1,372.00  $ 0.00 |
| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B.  Enter the total(s). | | | | | | $ 5,896.00  $ 1,627.00 |
| 11 | **Total.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total.  If Column B has not been completed, enter the amount from Line 10, Column A. | | | | | | $ 7,523.00 |

## Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| 12 | **Enter the amount from Line 11** | $ 7,523.00 |
|---|---|---|
| 13 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter on Line 13 the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents and specify, in the lines below, the basis for excluding this income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose.  If necessary, list additional adjustments on a separate page.  If the conditions for entering this adjustment do not apply, enter zero. | |
| | a. \| \| $ <br> b. \| \| $ <br> c. \| \| $ <br> Total and enter on Line 13 | $ 0.00 |
| 14 | **Subtract Line 13 from Line 12 and enter the result.** | $ 7,523.00 |
| 15 | **Annualized current monthly income for § 1325(b)(4).**  Multiply the amount from Line 14 by the number 12 and enter the result. | $ 90,276.00 |
| 16 | **Applicable median family income.** Enter the median family income for applicable state and household size.  (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) <br> a. Enter debtor's state of residence:  MN  b. Enter debtor's household size:  2 | $ 64,454.00 |
| 17 | **Application of § 1325(b)(4).** Check the applicable box and proceed as directed. <br> ☐ **The amount on Line 15 is less than the amount on Line 16.**  Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement. <br> ■ **The amount on Line 15 is not less than the amount on Line 16.**  Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | |

## Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| 18 | **Enter the amount from Line 11.** | $ 7,523.00 |
|---|---|---|
| 19 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income(such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | |
| | a. \| \| $ <br> b. \| \| $ <br> c. \| \| $ <br> Total and enter on Line 19. | $ 0.00 |
| 20 | **Current monthly income for § 1325(b)(3).** Subtract Line 19 from Line 18 and enter the result. | $ 7,523.00 |

| 21 | **Annualized current monthly income for § 1325(b)(3).** Multiply the amount from Line 20 by the number 12 and enter the result. | $ | 90,276.00 |

| 22 | **Applicable median family income.** Enter the amount from Line 16. | $ | 64,454.00 |

| 23 | **Application of § 1325(b)(3).** Check the applicable box and proceed as directed.<br><br>■ **The amount on Line 21 is more than the amount on Line 22.** Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement.<br><br>☐ **The amount on Line 21 is not more than the amount on Line 22.** Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement. **Do not complete Parts IV, V, or VI.** | | |

## Part IV. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 24A | **National Standards: food, apparel and services, housekeeping supplies, personal care, and miscellaneous.** Enter in Line 24A the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ | 1,053.00 |

| 24B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 24B. | $ | 120.00 |

| Persons under 65 years of age | | | Persons 65 years of age or older | | |
|---|---|---|---|---|---|
| a1. | Allowance per person | 60 | a2. | Allowance per person | 144 |
| b1. | Number of persons | 2 | b2. | Number of persons | 0 |
| c1. | Subtotal | 120.00 | c2. | Subtotal | 0.00 |

| 25A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ | 538.00 |

| 25B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B. **Do not enter an amount less than zero.** | $ | 0.00 |

| a. | IRS Housing and Utilities Standards; mortgage/rent expense | $ | 640.00 |
|---|---|---|---|
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | $ | 1,861.67 |
| c. | Net mortgage/rental expense | Subtract Line b from Line a. | |

| 26 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ | 0.00 |

| 27A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7. ☐ 0  ■ 1  ☐ 2 or more. If you checked 0, enter on Line 27A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 27A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ | 412.00 |

| 27A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7. ☐ 0  ■ 1  ☐ 2 or more.<br><br>If you checked 0, enter on Line 27A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 27A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ 412.00 |
|---|---|
| 27B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 27B the "Public Transportation" amount from the IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ 0.00 |

**28** — **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1  ☐ 2 or more.

Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28. **Do not enter an amount less than zero.**

| a. | IRS Transportation Standards, Ownership Costs | $ 0.00 | |
|---|---|---|---|
| b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 | $ 0.00 | |
| c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $ 0.00 |

**29** — **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 28.

Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29. **Do not enter an amount less than zero.**

| a. | IRS Transportation Standards, Ownership Costs | $ 0.00 | |
|---|---|---|---|
| b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47 | $ 0.00 | |
| c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ 0.00 |

| 30 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ 358.00 |
|---|---|---|
| 31 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ 0.00 |
| 32 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ 0.00 |
| 33 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in line 49.** | $ 0.00 |
| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ 0.00 |
| 35 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ 0.00 |

B 22C (Official Form 22C) (Chapter 13) (04/13)    5

| 36 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 24B. **Do not include payments for health insurance or health savings accounts listed in Line 39.** | $ | 0.00 |
|---|---|---|---|
| 37 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service-to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ | 0.00 |
| 38 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 24 through 37. | $ | 2,481.00 |

<table>
<tr><td colspan="4" align="center"><b>Subpart B: Additional Living Expense Deductions</b><br><b>Note: Do not include any expenses that you have listed in Lines 24-37</b></td></tr>
</table>

| 39 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | | |
|---|---|---|---|
| | a.   Health Insurance    $    0.00 | | |
| | b.   Disability Insurance    $    0.00 | | |
| | c.   Health Savings Account    $    0.00 | | |
| | Total and enter on Line 39 | $ | 0.00 |
| | **If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below: <br> $ _____ | | |
| 40 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. **Do not include payments listed in Line 34.** | $ | 0.00 |
| 41 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incur to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ | 0.00 |
| 42 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ | 0.00 |
| 43 | **Education expenses for dependent children under 18.** Enter the total average monthly expenses that you actually incur, not to exceed $156.25 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ | 0.00 |
| 44 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ | 0.00 |
| 45 | **Charitable contributions.** Enter the amount reasonably necessary for you to expend each month on charitable contributions in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). **Do not include any amount in excess of 15% of your gross monthly income.** | $ | 0.00 |
| 46 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 39 through 45. | $ | 0.00 |

B 22C (Official Form 22C) (Chapter 13) (04/13)   6

## Subpart C: Deductions for Debt Payment

| 47 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 47. | | | | |
|---|---|---|---|---|---|

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance | |
|---|---|---|---|---|---|
| a. | OCWEN LOAN SERVICING LLC | Homestead located at: 741 River Road Windom, MN 56101<br><br>(1/2 interest with Richard Brinkman)<br><br>Legally described as: A strip of land 5 feet wide in Lot 6 of County Auditor's Subdivision No. 5 in the City of Windom, Cottonwood County, M | $ 119.67 | ☐yes ■no | |
| b. | WELLS FARGO HOME MORTGAGE | Homestead located at: 741 River Road Windom, MN 56101<br><br>(1/2 interest with Richard Brinkman)<br><br>Legally described as: A strip of land 5 feet wide in Lot 6 of County Auditor's Subdivision No. 5 in the City of Windom, Cottonwood County, M | $ 1,742.00 | ■yes ☐no | |
| | | | Total: Add Lines | | $ 1,861.67 |

| 48 | **Other payments on secured claims.** If any of debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | | |
|---|---|---|---|

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount | |
|---|---|---|---|---|
| a. | -NONE- | | $ | |
| | | | Total: Add Lines | $ 0.00 |

| 49 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 33.** | $ 0.00 |
|---|---|---|

| 50 | **Chapter 13 administrative expenses.** Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | | | |
|---|---|---|---|---|
| | a. | Projected average monthly Chapter 13 plan payment. | $ 563.00 | |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x 7.00 | |
| | c. | Average monthly administrative expense of chapter 13 case | Total: Multiply Lines a and b | $ 39.41 |

| 51 | **Total Deductions for Debt Payment.** Enter the total of Lines 47 through 50. | $ 1,901.08 |
|---|---|---|

## Subpart D: Total Deductions from Income

B 22C (Official Form 22C) (Chapter 13) (04/13)                                                                              7

| 52 | **Total of all deductions from income.** Enter the total of Lines 38, 46, and 51. | $ | 4,382.08 |

## Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2)

| 53 | **Total current monthly income.** Enter the amount from Line 20. | $ | 7,523.00 |
|---|---|---|---|
| 54 | **Support income.** Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $ | 0.00 |
| 55 | **Qualified retirement deductions.** Enter the monthly total of (a) all amounts withheld by your employer from wages as contributions for qualified retirement plans, as specified in § 541(b)(7) and (b) all required repayments of loans from retirement plans, as specified in § 362(b)(19). | $ | 0.00 |
| 56 | **Total of all deductions allowed under § 707(b)(2).** Enter the amount from Line 52. | $ | 4,382.08 |

| 57 | **Deduction for special circumstances.** If there are special circumstances that justify additional expenses for which there is no reasonable alternative, describe the special circumstances and the resulting expenses in lines a-c below. If necessary, list additional entries on a separate page. Total the expenses and enter the total in Line 57. **You must provide your case trustee with documentation of these expenses and you must provide a detailed explanation of the special circumstances that make such expense necessary and reasonable.** |   |   |

| | Nature of special circumstances | Amount of Expense |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | Total: Add Lines | $ 0.00 |

| 58 | **Total adjustments to determine disposable income.** Add the amounts on Lines 54, 55, 56, and 57 and enter the result. | $ | 4,382.08 |
|---|---|---|---|
| 59 | **Monthly Disposable Income Under § 1325(b)(2).** Subtract Line 58 from Line 53 and enter the result. | $ | 3,140.92 |

## Part VI. ADDITIONAL EXPENSE CLAIMS

| 60 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. |   |   |

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | Business expenses for Rainbow | $ 2,426.00 |
| b. | Business expenses for Tikki | $ 1,045.00 |
| c. | | $ |
| d. | | $ |
| | Total: Add Lines a, b, c and d | $ 3,471.00 |

## Part VII. VERIFICATION

| 61 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)* <br><br> Date:  January 14, 2014    Signature:  /s/ KAREN L BRINKMAN <br><br> KAREN L BRINKMAN <br> (Debtor) |